FILED

OCT 16 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| JUSTIN TATUM,<br>Plaintiff,<br>v.<br>HIKARU SERVICES LLC and<br>HS DEBT SUPPORT LLC d/b/a HSDS,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:26-cv-509 JDL<br>JURY TRIAL DEMANDED |

# ORIGINAL COMPLAINT AND JURY DEMAND

## I. PARTIES

**1.** Plaintiff Justin Tatum is an individual residing in Tyler, Smith County, Texas. Plaintiff's telephone number ending in 0700 is a Texas wireless number used for personal and household purposes.

**2.** Defendant Hikaru Services LLC is an Arizona domestic limited liability company, Arizona Corporation Commission Entity/Business ID No. 23616854, formed on February 8, 2024, member-managed, and currently listed as active and in good standing.

**3.** Defendant HS Debt Support LLC is a separate Arizona domestic limited liability company, Arizona Corporation Commission Entity/Business ID No. 23813951, formed on April 15, 2025, member-managed, and currently listed as active and in good standing, with a principal office address of 4730 E Lone Mountain Rd, Suite 106, Cave Creek, Maricopa County, Arizona 85331. Plaintiff alleges that HS Debt Support LLC is the entity that conducted business as "HSDS" and that placed, or caused to be placed, the telephone solicitations described in this Complaint.

**4.** According to Arizona Corporation Commission public records, Hikaru Services LLC is listed as the sole Member of HS Debt Support LLC, and both entities share the same statutory agent, Takuya Mitsuoka, and the same business address, 4730 E Lone Mountain Rd, Suite 106, Cave

Creek, Arizona 85331. Plaintiff alleges, on this basis, that Hikaru Services LLC owns, controls, or directs the operations of HS Debt Support LLC, including the telephone solicitations and related communications described in this Complaint, and that Hikaru Services LLC is therefore liable, jointly and severally with HS Debt Support LLC, for the conduct alleged herein. Plaintiff separately alleges Hikaru Services LLC's own direct involvement in the September 2, 2025 solicitation sequence, based on the use of its corporate email domain described below.

**5.** Defendants may be served through their common statutory agent in accordance with Federal Rule of Civil Procedure 4(h).

## II. JURISDICTION AND VENUE

**6.** This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**7.** This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Texas-law claims because they arise from the same telephone solicitations and common nucleus of operative facts.

**8.** The Court has personal jurisdiction over Defendants because Defendants purposefully directed telephone solicitations to Plaintiff while Plaintiff was located in Texas and sought to transact business with a Texas consumer.

**9.** Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including Plaintiff's receipt of the calls in Tyler, Texas.

## III. RELATED ACTION

**10.** This action is related to Tatum v. Elite Legal Practice, P.C., Civil Action No. 6:25-cv-00407-JDK-KNM, pending in this Court. The actions concern overlapping telephone calls, the September 2, 2025 solicitation sequence, and the resulting transmission of an Elite Legal Practice client-services agreement. Plaintiff will identify the related action as required by Local Rule CV-42.

## IV. FACTUAL ALLEGATIONS

**11.** Plaintiff's telephone number has been registered on the National Do-Not-Call Registry since October 20, 2022, more than 31 days before the calls at issue.

**12.** Before the calls at issue, Plaintiff had no established business relationship with Defendants and had not given Defendants prior express permission to place telephone solicitations to his number.

**13.** Between August 25, 2025 and September 22, 2025, Plaintiff received at least six calls associated with HS Debt Support LLC d/b/a HSDS, including calls from (702) 803-8870 and (949) 432-4952, as detailed in the call log below. Plaintiff alleges that these calls were placed by HS Debt Support LLC, and that Hikaru Services LLC is liable for this conduct as alleged in Paragraph 4 above.

**CALL LOG**

| Date | Time | Number | Caller ID / Result |
|---|---|---|---|
| Aug. 25, 2025 | 2:48 PM | (702) 803-8870 | HSDS; incoming; approx. 9 min. |
| Aug. 27, 2025 | 4:30 PM | (702) 803-8870 | HSDS; incoming; approx. 34 sec. |
| Sept. 2, 2025 | 9:43 AM | (702) 803-8870 | HSDS; incoming; approx. 23 min. |
| Sept. 2, 2025 | 10:11 AM | (949) 432-4952 | HSDS; missed call. |
| Sept. 2, 2025 | 10:14 AM | (702) 803-8870 | Scam Likely; missed call. |
| Sept. 22, 2025 | 5:42 PM | (949) 432-4952 | HSDS; missed call / voicemail. |

**14.** On September 2, 2025, Plaintiff answered the 9:43 a.m. call from (702) 803-8870, a call Plaintiff alleges was placed by HS Debt Support LLC. Plaintiff spoke with the caller concerning debt-relief services. Plaintiff did not initiate the call.

**15.** During and immediately following that solicitation sequence, Plaintiff was directed toward legal-services onboarding with Elite Legal Practice, P.C.

**16.** Also on September 2, 2025, Plaintiff received a text message from (858) 358-6228 stating that Elite Legal Practice would send documents for Plaintiff to sign regarding debt-relief services. Plaintiff alleges this text message as further evidence of the same solicitation sequence described in this Complaint — an HSDS call, followed by a text referencing Elite Legal Practice, followed

by the Elite-branded Client Services Agreement described below — rather than as a separately counted violation.

**17.** At 10:06 a.m. that morning — approximately twenty-three (23) minutes after the 9:43 a.m. call began — Plaintiff received an email from "ELP Client Care" with the subject line "Signature requested from Elite Legal Practice," addressed to Plaintiff and listing a reply-to address of amurillo@hikaruservices.com. The email linked to an Elite Legal Practice-branded Client Services Agreement hosted on a third-party e-signature platform (TitanSign/FormTitan) at a URL on the subdomain elitelegalpractice.formtitan.com, and the linked document itself bears a footer time-stamp reading "9/2/25, 10:08 AM." Plaintiff has preserved screenshots of both the email and the linked document.

**18.** The reply-to address on the September 2, 2025 signature-request email — amurillo@hikaruservices.com — is a named mailbox at Defendant Hikaru Services LLC's own corporate email domain, not at HS Debt Support LLC's domain and not at Elite Legal Practice's domain, elitelegalpractice.com. Plaintiff alleges that this reply-to address directly connects Hikaru Services LLC, through an individual identified in the email only as "amurillo," to the preparation, transmission, or facilitation of the Elite-branded Client Services Agreement, notwithstanding the document's exclusively Elite-branded appearance and its hosting on an Elite-branded e-signature subdomain.

**19.** Plaintiff never signed, accepted, or entered into the Elite Legal Practice Client Services Agreement.

**20.** On September 22, 2025, Plaintiff received a voicemail from (949) 432-4952 in which the caller identified himself as Adrian, referenced HS Debt Support and long-term solutions, and asked Plaintiff to return the call. Plaintiff alleges this voicemail was left by or on behalf of HS Debt Support LLC.

**21.** Plaintiff has verified that neither Hikaru Services LLC nor HS Debt Support LLC held the Texas telephone-solicitation registration certificate required by Texas Business & Commerce Code § 302.101 when the solicitations were made.

**22.** The calls invaded Plaintiff's privacy, consumed his time, caused annoyance and inconvenience, and required Plaintiff to review and preserve telephone records and related communications.

**23.** In the related action, Tatum v. Elite Legal Practice, P.C., Civil Action No. 6:25-cv-00407-JDK-KNM, Elite Legal Practice has denied having a relationship with Defendants and has denied placing the calls at issue. Plaintiff nevertheless alleges that the amurillo@hikaruservices.com reply-to address appearing on the Elite-branded Client Services Agreement provides evidence connecting Hikaru Services LLC to the September 2, 2025 solicitation sequence. The precise nature of the relationship among Defendants, Elite Legal Practice, and any other participants is expected to be developed through discovery.

## V. CAUSES OF ACTION

### COUNT I — TCPA NATIONAL DO-NOT-CALL VIOLATIONS
### 47 U.S.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c)(2)

**24.** Plaintiff incorporates all preceding paragraphs.

**25.** Federal regulations prohibit covered telephone solicitations to a number on the National Do-Not-Call Registry, subject to applicable exceptions.

**26.** Plaintiff received more than one telephone solicitation within a 12-month period by or on behalf of Defendants, including at least six telephone calls, despite Plaintiff's number having been registered on the National Do-Not-Call Registry for more than 31 days.

**27.** Plaintiff alleges that no applicable prior-permission or established-business-relationship exception existed before Defendants initiated the calls.

**28.** Plaintiff seeks the relief authorized by 47 U.S.C. § 227(c)(5), including actual monetary loss or $500 for each actionable violation, whichever is greater, and discretionary trebling for violations proven knowing or willful.

### COUNT II — TEXAS BUSINESS & COMMERCE CODE § 305.053

**29.** Plaintiff incorporates all preceding paragraphs.

**30.** Texas Business & Commerce Code § 305.053 provides a civil action for a person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or applicable provisions of Chapter 305.

**31.** Defendants originated or caused the telephone solicitations described above, which Plaintiff alleges violated the federal National Do-Not-Call requirements.

**32.** Plaintiff seeks the statutory and other relief authorized by § 305.053, subject to any prohibition against duplicative recovery.

## COUNT III — UNREGISTERED TELEPHONE SOLICITATION TEX. BUS. & COM. CODE §§ 302.101 AND 302.302

**33.** Plaintiff incorporates all preceding paragraphs.

**34.** Texas Business & Commerce Code § 302.101(a) provides that a seller may not make a telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.

**35.** Defendants were a seller and/or acted through salespersons to make telephone solicitations to Plaintiff, a purchaser located in Texas.

**36.** Defendants did not hold the registration certificate required by § 302.101 when the solicitations were made.

**37.** Plaintiff alleges that each unlawful solicitation constitutes a separate Chapter 302 violation. Texas Business & Commerce Code § 302.302(a) provides that a person who violates Chapter 302 is subject to a civil penalty of not more than $5,000 for each violation.

**38.** Based on the six telephone solicitations presently identified, Plaintiff seeks civil penalties of up to $30,000 under §§ 302.101 and 302.302, jointly and severally against Defendants found liable, together with other relief recoverable under Chapter 302 and applicable law.

**39.** Plaintiff further pleads § 302.303 to the extent applicable because Chapter 302 provides that a violation constitutes a false, misleading, or deceptive act or practice and may be enforced through remedies prescribed by the DTPA.

## COUNT IV — CIVIL LIABILITY FOR PROHIBITED BARRATRY TEX. GOV'T CODE § 82.0651(c)-(d); TEX. PENAL CODE § 38.12

**40.** Plaintiff incorporates all preceding paragraphs.

**41.** Statutory Language. Tex. Gov't Code § 82.0651(c) provides a civil cause of action against a person who commits barratry as defined by Tex. Penal Code § 38.12(a) or (b), and subsection (d) authorizes a person who was solicited by conduct that violates that section, and who did not enter into a contract as a result, to recover a statutory penalty together with actual damages caused by the prohibited conduct.

**42.** Elements. Plaintiff alleges that Defendants, or one of them:

**42(a).** with intent to obtain an economic benefit, initiated or caused to be initiated an unrequested telephone solicitation concerning Plaintiff's debt-related problems;

**42(b).** as part of the same solicitation sequence, caused or facilitated Plaintiff's receipt of a professional-services agreement — the Elite Legal Practice Client Services Agreement — for the purpose of obtaining or facilitating Plaintiff's employment of a lawyer or law firm;

**42(c).** engaged in this conduct without having been requested to do so by Plaintiff; and

**42(d).** engaged in conduct falling within the solicitation of professional employment prohibited by Tex. Penal Code § 38.12.

**43.** Evidence Connecting Defendants to the Elite Legal Practice Referral. Plaintiff alleges that the Client Services Agreement transmitted to Plaintiff at 10:06 a.m. on September 2, 2025 — approximately twenty-three minutes after Plaintiff's call with HS Debt Support LLC began — bore Elite Legal Practice branding but listed a reply-to address of amurillo@hikaruservices.com, a mailbox at Hikaru Services LLC's own corporate domain, connecting Hikaru Services LLC to the transmission of the document notwithstanding its Elite-branded appearance. Plaintiff never signed the agreement.

**44.** Plaintiff further alleges that Elite Legal Practice has, in the related action before this Court, denied any relationship with Defendants and denied placing the calls at issue. The amurillo@hikaruservices.com reply-to address appearing on the Elite-branded document nevertheless provides evidence connecting Hikaru Services LLC to the solicitation sequence. The

precise nature of the relationship between Defendants and Elite Legal Practice is expected to be developed through discovery.

**45.** Plaintiff alleges in the alternative that, even if Elite Legal Practice did not authorize or participate in the transmission, Defendants nevertheless used Elite's name and branding to solicit professional legal employment for another, conduct Plaintiff alleges falls within Tex. Penal Code § 38.12 and Tex. Gov't Code § 82.0651.

**46.** Plaintiff did not request the solicitation and did not sign, accept, or enter into the Client Services Agreement.

**47.** Plaintiff therefore seeks the $50,000 statutory penalty provided by Tex. Gov't Code § 82.0651(d) from each Defendant found to have engaged in barratry, together with actual damages caused by the prohibited conduct and reasonable and necessary attorney's fees as authorized by law.

**48.** Plaintiff does not seek duplicative recovery for the same act or practice and acknowledges any statutory limitation on multiple recoveries.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally where applicable, and award:

• Actual monetary loss or statutory damages under 47 U.S.C. § 227(c)(5), including any discretionary trebling for knowing or willful violations;

• Relief authorized by Texas Business & Commerce Code § 305.053;

• Civil penalties of up to $5,000 for each proven Chapter 302 violation under Texas Business & Commerce Code § 302.302(a), presently alleged as up to $30,000 for six telephone solicitations;

• The $50,000 statutory penalty authorized by Texas Government Code § 82.0651(d) from each Defendant found to have engaged in barratry, together with actual damages and reasonable and necessary attorney's fees;

• Appropriate injunctive relief;

• Taxable costs, recoverable attorney's fees if and to the extent permitted by applicable law, and pre-judgment and post-judgment interest;

• Such other and further relief as the Court deems just and proper, without duplicative recovery.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ Justin Tatum

Justin Tatum, Pro Se

471 Utah Avenue

Tyler, Texas 75704

469-901-0700

justintatum212@hotmail.com

Dated: August 12, 2026